# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | Case No. 1:07CR00025 |
| v. | ) | **OPINION AND ORDER** |
| ARTHUR LECOSE BURTON, | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for United States; Nancy C. Dickenson-Vicars, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

The defendant has filed a motion for a sentence reduction pursuant to § 404 of the First Step Act of 2018. I find the defendant eligible for relief and I will reduce the sentence.

The defendant was indicted in this court on April 17, 2007, and charged with possession with intent to distribute a mixture or substance containing at least 50 grams of cocaine and at least 146 grams of cocaine base ("crack") in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) (Count One), possessing a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c) (Count Two), and possessing a firearm after having been convicted of a felony and while being an unlawful user of a controlled substance in violation of 18 U.S.C. §§ 922(g)(1), (g)(3), and 924(e). The defendant pleaded guilty to Counts One and Two pursuant

to a written plea agreement. The government filed a notice of sentence enhancement pursuant to 21 U.S.C. § 851, due to the defendant's prior conviction for a felony drug offense which had become final. After applying all relevant adjustments, the defendant was determined to have a total offense level as to Count One of 31, and a criminal history category of V, which under the U.S. Sentencing Guidelines Manual, produced a guideline range of 262 to 327 months.[1] Because the statutory mandatory minimum for Count One exceeded that range, the guideline range was determined to be 300 to 327 months. The defendant was sentenced on October 10, 2007, to the statutory mandatory minimum on Count One of 240 months, to be followed by a statutory mandatory minimum consecutive sentence of 60 months on Count Two, for a total sentence of 300 months (25 years). Additionally, the court imposed a term of supervised release of 10 years following the defendant's release from prison. The defendant has served approximately 176 months (14 and a half years) of his sentence. His current projected release date is March 9, 2028.

Under § 404 of the First Step Act, the defendant's new mandatory minimum sentence would be 180 months (15 years). This consists of a mandatory minimum of 120 months for Count One due to the sentencing enhancement for a prior felony

---

[1] I find that the defendant's guideline range for Count One would now be 262 to 327 months. Notwithstanding the possibility of a reduced guidelines range after applying retroactive amendments pursuant to the U.S. Sentencing Guideline Manual (USSG), the defendant is still a career offender. His guideline range for Count One is thus set according to USSG § 4B1.1(c)(3).

drug offense which had become final, 21 U.S.C. § 841(b)(1)(B), and the mandatory consecutive minimum of 60 months for Count Two. I find it appropriate in determining whether to reduce the defendant's sentence, and the extent of any such reduction, to consider the sentencing factors set forth in 18 U.S.C. § 3553(a). I have reviewed the defendant's original Presentence Investigation Report and education and disciplinary data while in prison, as well as the briefs filed by counsel. I will reduce the defendant's sentence to not less than time served, to be followed by a term of supervised release of eight years.

Accordingly, it is hereby **ORDERED** as follows:

1. The Motion to Reduce Sentence, ECF No. 55, is GRANTED;

2. <u>The defendant's sentence is hereby reduced to time served as to Count One and time served as to Count Two, meaning that the defendant has now fully served the imprisonment imposed as to both counts and is to be released from imprisonment.</u> This imprisonment is to be followed by a total term of supervised release of eight years, consisting of a term of eight years on Count One and a term of three years on Count Two, the terms of supervised release to run concurrently;

3. In light of this Opinion and Order, the defendant's pending Motion for Compassionate Release, ECF Nos. 41 and 46, is terminated as moot;

4. This order is stayed for 14 days, for the verification of the defendant's residence and/or establishment of an appropriate release plan, to make appropriate

travel arrangements, and to ensure the defendant's safe release. If more than 14 days are needed for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements and ensure the defendant's safe release, the parties or the Probation Office shall immediately notify the court and advise why the stay should be extended;

    5. The terms of the defendant's supervised release are modified as follows:

The defendant must serve four months of home incarceration at the approved residence beginning immediately after release for 24-hours-a-day except for medical necessities and court appearances and other absences specifically approved by the court. The probation officer shall monitor compliance by Voice Recognition, and the probation officer may recommend to the court RF or GPS location monitoring if greater absences are approved or greater risks are identified; and

    6. The Clerk shall provide the Probation Office with a copy of this Opinion and Order and the Probation office shall transmit a copy to the Bureau of Prisons.

    ENTER: July 15, 2021

    /s/ JAMES P. JONES
    United States District Judge